

1   SUSANNE LEWALD, Acting Regional Solicitor
    THERESA S. GEE, Counsel for ERISA
2   State Bar No. 136241
    LAWRENCE BREWSTER, Trial Attorney
3   State Bar No. 197728
    Office of the Solicitor
4   United States Department of Labor
    71 Stevenson Street, Suite 1110
5   San Francisco, California 94105
    Telephone: (415) 975-4005
6   Telecopier: (415) 975-4495

7   MICHAEL SCHLOSS, Senior Trial Attorney
    State Bar No. 134124
8   Office of the Solicitor
    Plan Benefits Security Division
9   United States Department of Labor
    Post Office Box 1914
10  Washington, D.C. 20013
    Telephone: (202) 693-5586
    Telecopier: (202) 693-5610

    **FILED**

    OCT 10 2002

    CLERK, U.S. DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA
    BY _____
    DEPUTY CLERK

**LODGED**

AUG 2 0 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

12  Attorneys for Plaintiff

        THE UNITED STATES DISTRICT COURT FOR THE

            EASTERN DISTRICT OF CALIFORNIA

16  ELAINE L. CHAO, Secretary of the United        )   Case No.: CIV. S-01-2211 LKK/PAN
    States Department of Labor,                     )
17                                                  )
            Plaintiff,                              )
18                                                  )
                    v.                              )
19                                                  )
    WELLS FARGO BANK, N.A., a national              )   **SETTLEMENT AGREEMENT AND**
20  banking association, TOMS SIERRA                )   **CONSENT DECREE AS TO**
    COMPANY, INC., a California Corporation;        )   **DEFENDANT WELLS FARGO**
21  NICHOLAS TOMS, an individual;                   )   **BANK, N.A. ONLY**
    KIMBERLEY TOMS, an individual; ROY              )
22  TOMS, a deceased individual; by and through his )
    successor in interest Doris Toms; DORIS TOMS,   )
23  an individual; NICOLA MACKLIN, an               )
    individual; KEN MACKLIN, an individual;         )
24  SEAJAY (TOMS) LIEBSCHER, an individual;         )
    BRANDON BEAN, an individual;                    )
25  CHRISTOPHER BEAN, an individual, TOMS           )
    SIERRA COMPANY, INC. EMPLOYEE                   )
26                                                  )
27                                                  )
                                    90              )
28  PaloAlto 13690 v2 (2K)

                            -1-

                                    Settlement Agreement and Consent Decree as
                                    to Defendant Wells Fargo Bank, N.A., Only

1  STOCK OWNERSHIP PLAN, an employee )
   benefit plan; and TOMS SIERRA COMPANY, )
2  INC. EMPLOYEE STOCK OWNERSHIP )
   TRUST, an employee benefit trust; )
3                                                  )
       Defendants,                              )
4  _____ )
                                                  )
5  AND RELATED CLAIMS                     )
   _____ )

6       Plaintiff, ELAINE L. CHAO, Secretary of the United States Department of Labor (the

7  "Secretary"), and defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), have agreed to

8  settle matters in this civil action and consent to the entry of the following Consent Decree in

9  accordance herewith:

10      A. The Secretary's Complaint for Violations of ERISA ("Complaint") was filed on

11 December 3, 2001, pursuant to Title I of the Employee Retirement Income Security Act of

12 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., alleging that Wells Fargo breached its fiduciary

13 duties under ERISA in its capacity as independent trustee of the Toms Sierra Company, Inc.

14 Employee Stock Ownership Plan and Toms Sierra Company, Inc. Employee Stock Ownership

15 Trust (collectively, the "ESOP" or "Plan") by approving, and causing the ESOP to engage in,

16 certain transactions resulting in losses to the ESOP in excess of $10 million.

17      B. This action has been related to that certain action captioned The Hon. Charles B.

18 Renfrew (Ret.) v. Roy Toms, et al., Civil Action No. CIV-S-99-1941 LKK PAN (the

19 "Renfrew Case"), which also involves the ESOP. Wells Fargo has been named as a defendant

20 in the Renfrew Case.

21      C. Wells Fargo neither admits nor denies that it has engaged in any wrongdoing or that

22 it has any liability for any of the matters alleged in the Complaint. Wells Fargo voluntarily

23 enters this Settlement Agreement and Consent Decree ("Consent Decree") solely to resolve

24 disputed matters, to avoid the expense, inconvenience and distraction of litigation and to put to

25 rest fully and finally all claims that have been asserted against it herein.

26

27

28 PaloAlto 13690 v2 (2K)

-2-

D. The Secretary and Wells Fargo have negotiated an agreement to settle all claims and issues between them arising from the transactions and allegations which are more fully described in the Complaint. This settlement fully resolves all claims asserted, or that could have been asserted, by the Secretary against Wells Fargo with respect to Wells Fargo's actions, conduct and/or omissions as trustee of the ESOP, without regard to whether Wells Fargo was serving at the time as an independent trustee, discretionary trustee, directed trustee or otherwise.

E. The Secretary and Wells Fargo represent to the Court that this Consent Decree is the sole and complete memorialization of the agreement negotiated between them with respect to the settlement of the Secretary's claims against Wells Fargo in connection with the ESOP.

F. Pursuant to a separate settlement agreement reached between Wells Fargo and the ESOP's independent trustee, Hon. Charles B. Renfrew (Ret.), in the related case, Wells Fargo has agreed to pay to the ESOP $5,350,000.00 as part of the settlement of plaintiffs' claims in the Renfrew Case.

G. Plaintiffs in the Renfrew Case ("Renfrew Plaintiffs") have filed a motion for a good faith settlement determination with respect to the settlement agreement between the Renfrew Plaintiffs and Wells Fargo.

H. Upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action.

I. The Secretary and Wells Fargo expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of all of the Secretary's claims against Wells Fargo with respect to its actions as trustee of the ESOP.

J. The undersigned attorneys acknowledge and represent that they are counsel of record for the parties and are authorized and empowered to execute this Consent Decree on behalf of their respective clients.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

PaloAlto 13690 v2 (2K)

-3-

Settlement Agreement and Consent Decree as
to Defendant Wells Fargo Bank, N.A., Only

1    1. The Court has jurisdiction over the parties to this Consent Decree and the subject

2    matter of this civil action and is empowered to provide the relief herein.

3    2. Upon entry of this Consent Decree by the Court, Wells Fargo shall:

4    a. conduct a self-audit in accordance with the terms of Exh. 1 attached hereto, the

5    terms of which are incorporated herein by reference; and

6    b. provide periodic reports in accordance with the terms of Exh. 1 attached hereto to

7    Bette Briggs, Regional Director, U.S. Department of Labor, Pension and Welfare

8    Benefits Administration, 71 Stevenson Street, Suite 915, San Francisco, California,

9    94105.

10    3. The settlement agreement between the Secretary and Wells Fargo is expressly

11    conditioned upon Wells Fargo complying with the terms of the separate settlement agreement

12    between Wells Fargo and plaintiffs in the Renfrew Case. In the event that Wells Fargo fails to

13    comply with the terms of the settlement agreement in the Renfrew Case, the settlement

14    agreement between the Secretary and Wells Fargo shall be null and void and this Consent

15    Decree shall, upon presentment either by the Secretary or by Wells Fargo, be vacated by the

16    Court. Under those circumstances, the Secretary will be free to pursue all of the claims

17    alleged, and seek all relief prayed for, against Wells Fargo in her complaint and Wells Fargo

18    will be free to raise all defenses and to assert all other claims as allowed under the law.

19    4. Neither the voluntary acceptance by Wells Fargo of the terms of this Consent

20    Decree nor any of the related settlement negotiations or proceedings between the Secretary

21    and Wells Fargo is or shall be construed as or deemed to be evidence of an admission by

22    Wells Fargo of the validity of any of the claims that were or could have been asserted by the

23    Secretary or of the liability of Wells Fargo.

24    5. Neither this Consent Decree nor any of its terms shall be offered or received in

25    evidence in this action, or in any other action or proceeding, provided, however, that nothing

26

27

28    PaloAlto 13690 v2 (2K)

-4-

1   contained herein shall prevent this Consent Decree from being offered or received in evidence

2   in any proceeding to enforce or construe this Consent Decree.

3        6.  Wells Fargo expressly waives any and all claims of whatsoever nature it has or

4   believes it may have against the United States Department of Labor, the Secretary, or any of

5   her officers, agents, employees, or representatives, arising out of or in connection with the

6   filing, prosecution, and maintenance of this civil action or any other proceeding and

7   investigation incident thereto through the date of execution of this Consent Decree, including,

8   but not limited to, claims for costs, fees or other expenses under the Equal Access to Justice

9   Act as amended.

10       7.  Each party to this Consent Decree shall bear its own costs, expenses, and attorneys'

11  fees incurred in connection with this civil action and all matters relating thereto.

12       8.  This Consent Decree represents a full, final and complete judicial resolution of all

13  claims between the Secretary and Wells Fargo with respect to the subject matter of this civil

14  action.

15       9.  This Consent Decree is not binding upon any agency of the United States

16  Government other than the United States Department of Labor.

17       10.  The Court shall retain such jurisdiction over the parties to this Consent Decree as

18  may be necessary to enforce its executory provisions.

19       11.  The Court, finding that there is no just reason to delay the entry of this Consent

20  Decree, expressly directs the entry thereof as a final order.

21

22

23  SO ORDERED this ___ day of ___, 2002.

24

25  _____

26  Hon. Lawrence K. Karlton
    United States District Judge

27

28  PaloAlto 13690 v2 (2K)

-5-

Settlement Agreement and Consent Decree as
to Defendant Wells Fargo Bank, N.A., Only

1    The undersigned apply for and consent to the entry of the foregoing Consent Decree.

2

3    Dated: _June 12, 2002_               EUGENE SCALIA
                                          Solicitor of Labor
4
                                          SUSANNE LEWALD
5                                         Acting Regional Solicitor

6                                         THERESA S. GEE
                                          Counsel for ERISA
7

8                                         MICHAEL SCHLOSS
                                          Senior Trial Attorney
9

10                                        By: _____
11                                           LAWRENCE BREWSTER
                                             Trial Attorney
12

13

14

15   Dated: _12 June 2002_                WHITE & CASE LLP
16

17                                        By: _____
18                                           Virginia L. Gibson
                                             Attorneys for Defendant
19                                           Wells Fargo Bank, N.A.

20

21

22

23

24

25

26

27

28   Palo Alto 13690 v2 (2K)

                              -6-
                                          Settlement Agreement and Consent Decree as
                                          to Defendant Wells Fargo Bank, N.A., Only

1    The undersigned apply for and consent to the entry of the foregoing Consent Decree.

2

3    Dated:_____                    EUGENE SCALIA
                                                        Solicitor of Labor
4
                                                        SUSANNE LEWALD
5                                                       Acting Regional Solicitor

6                                                       THERESA S. GEE
7                                                       Counsel for ERISA

8                                                       MICHAEL SCHLOSS
                                                        Senior Trial Attorney
9

10
                                                   By: _____
11                                                      LAWRENCE BREWSTER
                                                        Trial Attorney
12

13

14

15   Dated: _12 June 2002_                              WHITE & CASE LLP
16
                                                   By: _____
17
                                                        Virginia L. Gibson
18                                                      Attorneys for Defendant
19                                                      Wells Fargo Bank, N.A.

20

21

22

23

24

25

26

27

28   PaloAlto 13690 v2 (2K)                -6-
                                                        _____
                                                        Settlement Agreement and Consent Decree as
                                                        to Defendant Wells Fargo Bank, N.A., Only

# Wells Fargo Self-Audit

## A. DEFINITIONS

For purposes of this Self-Audit:

1. "WFB" means Wells Fargo Bank, N.A., and its affiliates.

2. "Person" means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization.

3. "Fiduciary" means (a) a Person who exercises any discretionary authority or discretionary control respecting management of an ERISA plan or exercises any authority or control respecting management or disposition of its assets or (b) a Person who renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (c) a Person who has any discretionary authority or discretionary responsibility in the administration of such plan. "Fiduciary" does not include a Person who is subject to the directions of a named fiduciary or an investment manager or managers pursuant to ERISA Section 403.

4. "Existing Accounts" means all ERISA accounts in existence as of the date of execution of the Consent Decree in Chao v. Wells Fargo Bank, N.A., et al., Civil Action No. CIV. S-01-2211 LKK PAN (E.D. Calif.) ("Consent Decree") which hold closely-held employer securities and for which WFB served, at any time from January 1, 2000 to and including the date of execution of the Consent Decree, as Fiduciary with respect to the closely-held employer securities.

5. "Audit Period" means the period beginning on January 1, 2000 to and including the date of execution of the Consent Decree.

6. "Former Wells Accounts" means all ERISA accounts which held closely-held employer securities and for which Wells Fargo Bank, N.A. formerly served as Fiduciary with respect to the closely-held employer securities and which (a) originated as accounts directly with Wells Fargo Bank, N.A. and (b) terminated as accounts with Wells Fargo Bank, N.A. during the Audit Period.

## B. EXISTING ACCOUNTS

Upon execution of the Consent Decree WFB agrees as follows:

**EXHIBIT 1**

1.   Special Accounts Team

- WFB will establish a Special Accounts Team, which will be led by the Director of Risk Management and Compliance for Retirement Plan Services, who reports to the Executive Vice President of the Institutional Trust Group.

- Within 30 days after the execution of the Consent Decree, the Special Accounts Team, utilizing written audit procedures, will begin to audit all Existing Accounts for the Audit Period to determine whether required valuations have been adequately performed and are current and whether the governing trust documents and any leveraged transaction documentation are adequate.

- The Special Accounts Team will work with the named fiduciaries/plan sponsors of the Existing Accounts to address and correct any deficiencies found with regard to the valuation and/or documentation of the Existing Accounts.

- The Special Accounts Team will develop policies, procedures and controls with respect to the Existing Accounts, including requirements and criteria for all valuations for the Existing Accounts, and will provide all such policies, procedures and controls to DOL.

- WFB will provide ongoing training and continuing education to members of the Special Accounts Team in the areas of general trust management, policies and procedures, documentation, account review, valuation standards, and requirements under ERISA and other applicable laws.

- The Special Accounts Team will assume responsibility for the ongoing administration of all Existing Accounts.

2.   Quarterly Reports

- Within 60 days of the date on which the audit is initiated, the Executive Vice President of the Institutional Trust Group will provide the DOL with a report on the Special Account Team's specific findings and progress to date. This initial report ("First Quarterly Report") will identify each of the Existing Accounts audited to date by the Special Accounts Team and each account not yet audited by providing each such account's name, EIN and CUSIP number (if any). The First Quarterly Report will set forth the date each Plan became a client of WFB, current value of Plan assets, current value of any closely-held employer securities, any customer complaints received concerning each of the Existing Accounts audited to date and any outstanding litigation involving any of those Existing Accounts. The Special Accounts Team will also identify whether an Existing Account client is, or has been at any time beginning on January 1, 1998, involved in any corporate restructuring, recapitalization, leveraging of the ERISA plan, acquisition or disposition of closely-held

employer securities, or any event typically requiring "pass-through voting" either under the terms of the plan's governing documents or the Internal Revenue Code.  The First Quarterly Report will also provide a description of the nature of any issue identified by the Special Accounts Team in the administration of the Existing Accounts and a summary of the steps taken and a timetable for any additional steps planned to address such issues as of the date of the report.

- Every three months thereafter, the Executive Vice President of the Institutional Trust Group will report in writing to the DOL concerning any updates to prior reports and concerning any additional Existing Accounts that have been reviewed by the Special Account Team over the prior three months. With respect to any such additional Existing Accounts, these periodic reports ("Subsequent Quarterly Reports") will provide the same kind of information as is described above with respect to the First Quarterly Report.  WFB will continue to provide Subsequent Quarterly Reports until the issues identified in the Existing Accounts have been addressed and/or there are no further measures that may be taken by WFB.

## C. FORMER DIRECT WELLS FARGO BANK ACCOUNTS

In addition to the provisions for Existing Accounts described above, the Special Accounts Team will review the files of Former Wells Accounts.  In the First Quarterly Report, the Executive Vice President of the Institutional Trust Group will include a report on the Former Wells Accounts, including the identity of Former Wells Accounts, date of termination, the reasons given by the Former Wells Accounts for termination of Wells Fargo Bank, N.A.'s services as Fiduciary, and whether any Former Wells Account is, or has been at any time beginning on January 1, 2000, involved in any corporate restructuring, recapitalization, leveraging of the ERISA plan, acquisition or disposition of closely-held employer securities, or any event typically requiring "pass-through voting" either under the terms of the plan's governing documents or the Internal Revenue Code.

## D. DOL ACCESS TO DOCUMENTS

Upon issuance of an administrative subpoena, WFB will make available to the DOL all of the materials and documents upon which the Special Accounts Team relied in reaching its findings about the Existing Accounts and/or about the Former Wells Accounts.  WFB understands that the DOL intends to issue subpoenas to secure the underlying documents on some or all of the Existing Accounts and Former Wells Accounts identified in the Quarterly Reports.

## E. TREATMENT OF QUARTERLY REPORTS

- Because the First Quarterly Report and Subsequent Quarterly Reports ("Reports") will contain sensitive and confidential information concerning both WFB and the Existing Accounts, WFB will mark the Reports "Confidential Pursuant to Consent Decree."  If the DOL receives a request for

production, either under the Freedom of Information Act or arising from any litigation, which would compel the disclosure of the Reports, the DOL will not disclose the Reports or their contents without first notifying WFB and providing WFB an opportunity to undertake any action it deems appropriate. The DOL will not disclose the Reports or their contents to any third party except as required pursuant to the Freedom of Information Act or subpoena (after notice to WFB as provided herein) or except as provided below.

- The Reports are for the purpose of informing the DOL of WFB's progress in responding to issues identified, if any, in the Existing Accounts and their contents shall not be construed as or deemed to be evidence of an admission by WFB. The Reports shall not be offered or used in evidence by the DOL or WFB in any proceeding other than in an action or proceeding to enforce this Consent Decree and/or to demonstrate compliance with the Consent Decree.

- If WFB takes all reasonable and timely steps to address issues, if any, in the Existing Accounts, the DOL will not take any enforcement action against WFB other than the issuance and enforcement of administrative subpoenas as contemplated in Section D, without first providing WFB, in writing, notice of the DOL's concerns and the DOL's intended enforcement action and without giving WFB a reasonable time to respond to the concerns.

1

2

## CERTIFICATE OF SERVICE

3    I am a citizen of the United States of America and am over eighteen years of age. I am not a party to

4    the within action; my business address is 71 Stevenson Street, Suite 1110, San Francisco, California 94105-

5    2999. On August 19, 2002, I served the within

6    **SETTLEMENT AGREEMENT AND CONSENT DECREE AS TO**
     **DEFENDANT W ELLS FARGO BANK, N.A. ONLY**

7    by placing a true copy thereof in a sealed government envelope with postage thereon, mailed in San Francisco,

8    addressed to:

9

10   Virginia L. Gibson, Esq.                          Stuart Lansing Smits, Esq.
     Ellen McGinty King, Esq.                          Stuart L. Smits & Associates
     White & Case LLP                                  2114 K Street

11   3000 El Camino Real                               Sacramento, California 95816
     Five Palo Alto Square, 10th Floor                 Attorneys for Nicholas Toms, Kimberley

12   Palo Alto, California 94306                        Toms, Roy Toms, Doris Toms, Nicola
     Attorneys for Wells Fargo Bank, N.A.              Macklin, Ken Macklin, Seajay (Toms)

13                                                      Liebscher, Brandon Bean, and
     Bruce H. Jackson, Esq.                            Christopher Bean.

14   Baker & McKenzie
     Two Embarcadero Center, 24th Floor                James Watson, Esq.

15   San Francisco, CA 94111-3909                      Stanton, Kay and Watson
     Attorneys for Wells Fargo Bank, N.A.              101 New Montgomery Street, 5th Floor

16                                                      San Francisco, California 94105
     Whitney F. Washburn, Esq.                         Attorneys for Third-Party Defendants James

17   Glick & Washburn                                  Dunbar, Gary Weisz, Claudette Horvath,
     11341 Gold Express Drive, Suite 110               and Toms Sierra Co., Inc. Employee Stock

18   Gold River, California 95670                      Ownership Plan Administrative Committee
     Attorneys for Toms Sierra Co., Inc.

19                                                      Steven A. Lewis, Esq.
     Cheryl D. Orr, Esq.                               Lewis & Bacon

20   Carlton, DiSante & Freudenberger LLP              1050 Fulton Ave. Suite 125
     388 Market Street, Suite 900                      Sacramento, California 95825

21   San Francisco, California 94111                   Attorneys for Third-Party Defendant
     Attorneys for the Honorable Charles               Ludwig, Goldberg & Krenzel, LLC

22   Renfrew in his capacity as independent
     fiduciary of the Toms Sierra Co., Inc.            Amiram J. Givon, Esq.

23   Employee Stock Ownership Plan                     Sideman & Bancroft
                                                        One Embarcadero Center, 8th Floor

24   D. Ward Kallstrom, Esq.                           San Francisco, California 94111
     Sonnenschein, Nath & Rosenthal                    Attorneys for Third-Party Defendant

25   685 Market Street, 6th Floor                      Valuation Analysts, Inc.
     San Francisco, California 94105

26   For the Honorable Charles Renfrew in his
     Attorneys capacity as independent

27   fiduciary of the Toms Sierra Co., Inc.
     Employee Stock Ownership Plan.

28

1    James G. Driscoll, Esq.                        Charles L. Post, Esq.

Bullivant Houser Bailey PC             Julie L. Harlan, Esq.

2    333 Market Street, Suite 2800         Weintraub, Genshlea, Chediak & Sproul

San Francisco, California 94105-2129    400 Capitol Mall, 11th Floor

3    Attorneys for Third-Party Defendants Sierra    Sacramento, California 95814

Energy, LLC, Applegate, LLC, and John    Attorneys for Third-Party

4    Greenbank                                Defendant James S. Enge

5                                        Anthony J. DeCristoforo

Wilke Fleury Hoffelt Gould and Birney

6                                        400 Capitol Mall, 22nd Floor

Sacramento, California 95814

7                                        Attorneys for James Bobst (Def.

in related case

8                                        Renfrew v. Roy Toms, et al., Civ.

S-99-1941 LKK PAN)

9

       I certify that under penalty of perjury that the above is true and correct. Executed on August 19,

10    2002.

11

12

13    KRISHNA M. TINDALL

Legal Technician

14

OFFICE OF THE SOLICITOR

15    UNITED STATES DEPARTMENT OF LABOR

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
for the
Eastern District of California
October 10, 2002


* * CERTIFICATE OF SERVICE * *


2:01-cv-02211


Chao

    v.

Wells Fargo Bank NA

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  October 10, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Lawrence Brewster              SJ/LKK
        United States Department of Labor
        Office of the Solicitor
        71 Stevenson Street
        Suite 1110
        San Francisco, CA  94105

        Whitney F. Washburn
        Law Office of Whitney Washburn
        11341 Gold Express Drive
        Suite 110
        Gold River, CA  95670

        Stuart Lansing Smits
        Stuart L Smits and Associates
        400 Capitol Mall
        11th Floor
        Sacramento, CA  95814

        Jay Allen Eisen
        Eisen and Johnston Law Corporation
        P O Box 111
        980 Ninth Street
        Suite 1400
        Sacramento, CA  95812-0111

Cheryl Denise Orr
Carlton DiSante and Freudenberger LLP
388 Market Street
Suite 900
San Francisco, CA  94111

Virginia L Gibson
White and Case
3000 El Camino Real
Five Palo Alto Square, Tenth Floor
Palo Alto, CA  94306

Thomas O Jacob
Wells Fargo Bank National Association
633 Folsom Street
Seventh Floor
San Francisco, CA  94107

Steven A Lewis
Lewis and Bacon
1050 Fulton Avenue
Suite 125
Sacramento, CA  95825

Amiram Joseph Givon
Sideman and Bancroft
One Embarcadero Center
Suite 860
San Francisco, CA  94111

Christopher Todd Norris
Bullivant Houser Bailey
333 Market Street
Suite 2800
San Francisco, CA  94105-2129

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk